**Kelly CORNEJO, Petitioner— Appellant,**

v.

**K. MENDOZA–POWERS, Acting Warden, Respondent— Appellee.**

No. 06–56455.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Kelly Cornejo, Avenal, CA, pro se.

Beneth A. Browne, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Kelly Cornejo, a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pur-

suant to 28 U.S.C. § 2253, and we review de novo a district court's decision to deny a § 2254 petition, *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

■ Cornejo contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights. We disagree because there was "some evidence" to support the Board's denial of parole, including not only the gravity of the commitment offense, but the Board's finding, based on Cornejo's demeanor and equivocal statements at the parole hearing, that he had not yet fully grappled with, and accepted responsibility for, the magnitude of the murder he had committed. *See Powell v. Gomez,* 33 F.3d 39, 40 (9th Cir.1994) (noting that "the appeal court may set aside the factual findings only if they lack 'fair support' in the record"); *see also Sass,* 461 F.3d at 1128 (stating that it is not our task to balance the evidence and determine whether we agree with the ultimate decision).

■ Relying on *In re Rodriguez,* 14 Cal.3d 639, 122 Cal.Rptr. 552, 537 P.2d 384 (Cal.1975), Cornejo also contends that the Board violated his due process rights by failing to set a primary term of imprisonment. We disagree. Under California law, if the Board does not promptly fix a primary term, "the court will deem it to have been fixed at the maximum" by default. *See id.* at 654, 122 Cal.Rptr. 552, 537 P.2d 384. In addition, because Cornejo has been deemed unsuitable for parole, the Board did not violate his due process rights by not setting a parole date. *See* 15 Cal.Code Reg. §§ 2401, 2402(c); *see also Connor v. Estelle,* 981 F.2d 1032, 1033 (9th Cir.1992) (per curiam).

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

Furthermore, Cornejo's contention that the Board violated his due process rights by allegedly applying then-Governor Davis' blanket, no-parole policy for murderers fails for the reasons stated by the district court.

Thus, Cornejo has failed to demonstrate that the state courts' decisions were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

The parties' remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.